IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Debra S. Freeman, ) | CASE No. 2:23-cv-5383-DCN ) |
| Plaintiff ) | |
| v. ) | COMPLAINT |
| ) | (Jury Trial Demanded) |
| Northstar Services, Ltd., agents for ) | |
| Northstar Transport Services a division ) | |
| Of SEI Acquisitions, LLC formerly Polaris) | |
| Intermodal and Alfred D. Iannelli, Sr. ) | |
| Individually and as President and COO ) | |
| Defendants ) | |

COMES NOW the Plaintiff Debra Freeman ("Freeman", or "Plaintiff"), by and through her attorney, who complains of the Defendants Northstar Services, Ltd., agents for Northstar Transport Services a division Of SEI Acquisitions, formerly Polaris Intermodal and Alfred D. Iannelli, Sr., Individually and as President and COO, ("Northstar" "Employer" or "Defendant"), (collectively, the "Parties"). Freeman was employed by Northstar from August 20, 2018 to June 30, 2022. During that time, one hour of pay each day was deducted from her weekly wages for meal breaks. Freeman was required by her supervisors to work through her meal breaks, and was not compensated for this work, nor was she compensated for the overtime this unpaid work caused. Freeman now seeks damages arising from those events as follows:

**PARTIES AND JURISDICTION**

1. Debra Freeman is a resident of Cottageville, Colleton County, SC.

1

2. Northstar Services, Ltd. is on information and belief, a Delaware company doing business in South Carolina at 6633 Jet Park Road, North Charleston, County of Charleston, SC.

3. Northstar Transport Services website identifies Northstar Services Ltd. as an agent for Northstar Transport Services, a division of SEI Acquisition, LLC. Northstar Transport Services is Delaware company which does business in Charleston County, South Carolina.

4. On information and belief, Northstar Services Ltd. previously operated as Polaris Intermodal, which also did business in the County of Charleston SC.

5. On August 17, 2020, Northstar Services Ltd., and Polaris Intermodal, forged a new partnership with SEI Acquisitions, LLC and changed its name to Northstar Transport Services, with DOT operating account #484360.

6. DOT operating account #484360 belongs to SEI Acquisitions, LLC.

7. On information and belief, SEI Acquisitions is a Pennsylvania company.

8. On information and belief, Northstar Services, Ltd. Northstar Transport Services, SEI Acquisitions LLC and Polaris Intermodal are affiliated enterprises doing business in South Carolina.

9. Debra Freeman worked for and received paychecks from Defendant Northstar Services Ltd., and its predecessor company Polaris Intermodal, both located at 6633 Jet Park Road, North Charleston, its South Carolina location.

10. Defendant Alfred D. Iannelli, Sr. is President and COO of Defendant companies, and on information and belief lives in Gloucester County, NJ.

11. The relevant actions giving rise to Plaintiff's claims happened in Charleston County, SC.

12. This Court has jurisdiction over FLSA claims pursuant to 28 USC §1331 and 28 USC §1377(a). In addition, the Court has supplemental jurisdiction of Plaintiff's State law claim under 28 USC §1367(a) as they arise from the same case or controversy.

13. As such, jurisdiction and venue are proper.

## FACTUAL ALLEGATIONS

14. Debra Freeman accepted a job as a Payroll Administration Specialist, and began working for Northstar's predecessor company Polaris Intermodal on August 20, 2018.

15. Her initial hourly wage was $14.00 per hour.

16. Plaintiff became a full time employee on September 24, 2018. She continued to work for the Employer as it transitioned to Northstar Services Ltd. and then to Northstar Transport Services, a division of SEO Acquisitions LLC through the date of her termination on June 30, 2022.

17. At all times relevant to this Complaint, Plaintiff was a non-exempt employee for purposes of the FLSA.

18. Plaintiff was entitled to overtime compensation after she worked 40 hours in any week.

19. Plaintiff regularly worked in excess of 40 hours, and was rarely properly compensated for those hours.

20. Plaintiff was not compensated for her "meal break", even though she was required to perform job related responsibilities during her "meal break" and was largely precluded from using the time for her own purposes.

21. The Defendants automatically deducted one hour each day from Plaintiff's compensable time for "meal breaks".

22. During "meal breaks", Plaintiff was required to remain within a certain area, stay in communication with supervisors, answer calls, and respond to requests from supervisors.

23. During her employment with Polaris/Northstar, Plaintiff often performed duties for the dispatcher, and for her supervisor, at her supervisor's instruction.

24. As a result of being assigned to perform additional job duties, Plaintiff then had to work weekend hours to finish billing and payroll requirements, and prepare for the start of the following week.

25. Plaintiff was required to be "on-call" or working during her meal breaks and on weekends, and as a result, she regularly worked over 40 hours per week, and was rarely compensated at time and one half.

26. Plaintiff was subject to disciplinary consequences if she did not respond to work requests of her supervisor promptly.

27. During meal breaks Plaintiff was subject to frequent interruptions that operated to impose a constant state of readiness so as to warrant compensation.

28. At all times relevant to this Complaint, Plaintiff was a good and faithful employee of Defendants and performed the essential functions of her job in an exceptional and competent manner.

29. Plaintiff spoke to her supervisor Maggie Jackson several times at the beginning of her employment about being paid for working during meal breaks. Plaintiff was told that Defendant Iannelli "does not pay overtime to anyone, ever".

30. Plaintiff had no independent discretion in her duties, she was not able to make policies and approve variations to policies with regard to payroll.

31. Plaintiff was told by supervisor Jackson not to "make waves" about overtime hours or pay, just do a good job and she would try to get Plaintiff a pay increase.

32. Plaintiff did not receive a raise under Ms. Jackson, and felt her job would be in jeopardy if she questioned the "no overtime pay policy" or payment for working during her "meal breaks".

33. Plaintiff was terminated, without cause, allegedly for not copying her supervisor on an email to the company President, which the supervisor told her to write. This was not a violation of any policy, procedure or directive.

34. Plaintiff's last day of employment was June 30, 2022.

### FOR A FIRST CAUSE OF ACTION
(Fair Labor Standards Act–Failure to Pay Overtime Wages)

35. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

36. Plaintiff was an employee of Defendants for purposes of the Fair Labor Standards Act during all times relevant to this Complaint.

37. Defendants failed to pay Plaintiff for all overtime hours worked.

38. Defendants also failed to pay Plaintiff for all compensable time for which Plaintiff provided work for the benefit of Defendants.

39. Plaintiff is entitled to back wages for all time, plus for overtime hours worked.

40. Plaintiff is entitled to an award of back pay at her regular hourly rate or her overtime rate, as appropriate compensation for all time spent in working for Defendants, which was wrongfully excluded by Defendants in calculating her compensable time.

5

41. The failure of Defendants to compensate Plaintiff for overtime work and for "off the clock hours" as required by the FLSA was knowingly, willfully, and intentionally done in bad faith.

42. Plaintiff is also entitled to liquidated damages equal to the amount of overtime compensation and unpaid compensation due to her under the FLSA, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

43. The work and pay records of Plaintiff are in the possession, custody, and/or control of Defendants, and Defendants are under a duty pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and pursuant to the regulations of the United States Department of Labor to maintain and preserve such payroll and other employment records from which the amount of Defendants' liability can be ascertained. Plaintiff requests an order of this Court requiring Defendants to preserve such records during the pendency of this action.

44. Plaintiff is also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

## FOR A SECOND CAUSE OF ACTION
(The South Carolina Payment of Wages Act S.C. Code § 41-10-10 et seq.)

45. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

46. At all times pertinent to this action, Defendants were the employer of the Plaintiff as defined in S.C. Code Ann. §41-10-10(1) and the Defendants had control over payment of wages, bonuses and profits to Plaintiff.

47. As President and COO, Defendant Iannelli had specific control over wages and wage decisions.

48. All monies owed to the Plaintiff by the Defendants, in the form of wages, overtime, bonuses, benefits and vacation pay constitute wages as defined in S.C. Code Ann. §41-10-10.

49. As Plaintiff had earned and accrued wages at the time of her departure from the Employer, the value of the same constituted wages earned and therefore due and owing to the Plaintiff at the time she left the Employer.

50. Plaintiff received her last paychecks from Defendants, but has not received from the Defendants overtime and earned vacation/sick pay due and owing.

51. Plaintiff has requested to be paid for wages due.

52. Plaintiff asserts that she was not terminated for good cause, and thus Defendants should not be entitled to deprive Plaintiff of earned wages.

53. The Defendants have failed and unreasonably refused to pay these wages earned by the Plaintiff pursuant to the terms of employment, and despite demand by the Plaintiff.

54. Plaintiff asserts that she was willfully and intentionally not paid by the Defendants, all wages and earnings due to her within the time required by S.C. Code Ann. §41-10-50.

55. Plaintiff therefore asserts, on information and belief, that she is due back wages and is entitled to recover an amount equal to three times the full amount of unpaid wages and benefits, plus reasonable costs, and attorney fees, pursuant to *S.C. Code Ann.* §41-10-80(C).

## **PRAYER FOR RELIEF**

Plaintiff Freeman respectfully requests the following relief:

1. Judgment against Defendants that their violation of the SCPWA and FLSA, and the implementing regulations were willful;

7

2. Liquidated damages in an amount equivalent to the overtime damages owed to Plaintiffs and three times the amount of straight pay due under the SCPWA;

3. An award of reasonable attorneys' fees, costs, and expenses.

4. An award of pre-judgment and post-judgment interest in the maximum amount and to the fullest extent allowed under the law; and

5. Any other general and equitable relief to which Freeman may be entitled in the interest of justice.

    Respectfully Submitted,

    *s/Jennifer Munter Stark, Esq.*
    Jennifer Munter Stark, Esq. FID 9364
    Jennifer Munter Stark, Esquire, LLC
    210 Wingo Way #300
    Mt. Pleasant, SC 29464
    (843) 972-0004, (843) 972-0006 (f)
    jmunterstarklaw@gmail.com

October 26, 2023
Mt. Pleasant, SC